**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Case No. | 23-20311 (JJT) |
| | ) | | |
| ALFRED PARKER MAYO, SR. | ) | Chapter | 13 |
| | ) | | |
| Debtor. | ) | Re: ECF No. | 107 |
| | ) | | |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING DEBTOR'S MOTION FOR STAY**

**I.   INTRODUCTION**

Before the Court is a Motion for Stay (ECF No. 107, the "Motion") filed by the *pro se* Debtor, Alfred Parker Mayo, Sr.  The Court previously entered an order dismissing this case with prejudice based on its findings that the case lacked a proper bankruptcy purpose at the time of petition and that there was a lack of any bankruptcy purpose in its continuation.  ECF No. 99 (the "Dismissal Order").  The Debtor has since appealed the Court's Dismissal Order to the United States District Court for the District of Connecticut (the "District Court"), and now seeks a stay of the Dismissal Order pending his appeal (the "Appeal").[1]  For the reasons that follow, the Debtor's Motion shall be denied.

**II.   JURISDICTION**

The District Court has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. §§ 157(a) and (b)(1) and the General Order of Reference of the District Court dated September 21, 1984.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (case administration).

---

[1] The Debtor's Appeal of the Dismissal Order to the District Court can be found at Civil Docket No. 3:23-cv-01055-SVN.

## III.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On April 27, 2023, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. ECF No. 1. Beginning on May 15, 2023, the Debtor began filing a litany of anomalous motions that alerted the Court to the fact something was deeply amiss in this case. For example, on May 15, 2023, the Debtor filed a motion requesting various sanctions and penalties be imposed on Benjamin Perez; his mother, Evelyn Perez; and Judge Kimberly Knox of the New Britain Division of the Connecticut Superior Court (the "Superior Court"). ECF No. 36. The gravamen of the Debtor's request focused on the Perez family's continued pursuit of a counterclaim against the Debtor (the Debtor had previously sued the Perez family in the Superior Court); the Perez family's request for a protective order against the Debtor, and allegedly false, defamatory claims made by the Perez family against the Debtor, all allegedly in violation of the automatic stay.[2] *Id.* The Debtor continued to file similar motions (*see* ECF Nos. 43, 60, 62, 68) until the Court held a hearing on these various motions on June 15, 2023 (the "Case Management Hearing"). During the Case Management Hearing, the Debtor's statements on the record indicated that he was not pursuing a bankruptcy case primarily to reorganize his finances, but rather to halt the ongoing claims filed and allegations made against him by the Perez family. Benjamin Perez also appeared at the Case Management Hearing, where he informed the Court that he and Evelyn Perez were not creditors of the Debtor in any way, shape, or form, and were pursuing a counterclaim against the Debtor due to the Debtor's ongoing harassment of him and his mother.

At first, the Court took these matters under advisement (ECF No. 73) and subsequently disposed of the various related motions in which the Debtor sought relief against the Perez

---

[2] The civil docket of the Debtor's ongoing suit against the Perez family can be found at Civil Docket No. HHB-CV21-503102-S in the New Britain Division of the Connecticut Superior Court.

family (ECF Nos. 76, 78, 80, 82). The Court then issued a show-cause order as to why the case should not be dismissed for lack of a proper bankruptcy purpose. ECF No. 84. The Debtor's responses were largely inconsistent, difficult to understand (*see* ECF Nos. 91, 94, 96, collectively, the "Debtor's Response"), and from what the Court could surmise merely contained conclusory statements that he was facing financial hardship (though his statements on the record at the Case Management Hearing suggested otherwise); that he was making a good faith effort to comply with relevant bankruptcy law; that he could amend his pending Chapter 13 plan of reorganization if necessary; that his income could decrease as a result of his own bankruptcy filing; that creditors (the Court assumes the Perez family) had engaged in misconduct; that he could liquidate assets if need be; and that administrative errors in his petition need not lead to the case's ultimate dismissal (*see* ECF No. 91). Such statements, in the Court's estimation, did not obviate its concerns that the case lacked a proper bankruptcy purpose and improperly sought redress for matters already before the Superior Court. Moreover, the Chapter 13 Trustee to this case noted that it would be "unwise . . . to waste a discharge over" the minuscule proofs of claim (around $1200.00) heretofore filed. ECF No. 93. The Debtor's apparent misconception of the bankruptcy process and its purpose was (and remains) further substantiated by his failure to tender any payments to the Chapter 13 Trustee throughout this case. ECF No. 94, ¶ 7; ECF No. 101. The Court accordingly dismissed this case, as his petition appeared (and still appears) to be overwhelmingly driven by his grievances against Benjamin and Evelyn Perez, which ultimately pend and belong in state court. The Debtor then appealed the Court's Dismissal Order of his Chapter 13 case with a one-year bar to the District Court on August 7, 2023.

**IV.    DISCUSSION**

Federal Rule of Bankruptcy Procedure 8007 governs motions for a stay pending appeal. The rule provides, in pertinent part, that "[o]rdinarily, a party must move first in the bankruptcy

court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal . . . ." Fed. R. Civ. P. 8007(a)(1)(A).  The United States Court of Appeals for the Second Circuit has established the following four-part test for determining whether to grant a motion for stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

"[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less of the other." *Id.* (citation omitted; internal quotation marks omitted.)  "The party seeking the stay bears the burden of showing entitlement to the stay." *In re Vincent Andrews Mgmt. Corp.*, 414 B.R. 1, 4 (D. Conn. 2009). That burden is a "heavy" one.  *See In re David X. Manners Co.*, No. 15-51490 (JJT), 2018 WL 2325758 at *1 (Bankr. D. Conn. 2018) (citing *Barretta v. Wells Fargo Bank, N.A. (In re Barretta)*, 560 B.R. 630, 632 (D. Conn. 2016)); *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005).

Nothing in the Debtor's Motion addresses any of the aforementioned factors in a cognizable and sufficient manner such that the Court can properly determine whether to stay its Dismissal Order.  Like the Debtor's Response, his Motion is again largely confusing and unclear, and from what the Court could discern appears to focus on purported (but unsubstantiated) irreparable harm the Debtor will face should his case be dismissed.  The Debtor once again does not assert anything more than conclusory statements in his Motion, rather than the required factual contentions and legal arguments to meet his burden.  Notwithstanding the Debtor's

5

Motion, based on its review of the record of this case the Court can confidently weigh all of the aforesaid stay factors against the Debtor's request.

V.     CONCLUSION

Based on the foregoing, the Debtor's Motion is hereby **DENIED**. The Court's Dismissal Order of this Chapter 13 case, as well as its bar on future bankruptcy petitions by the Debtor through July 25, 2024, shall remain in full force and effect.

**IT IS SO ADJUDGED, ORDERED, AND DECREED** at Hartford, Connecticut this 21st day of August 2023.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut