UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In Re:<br><br>    Alfred Parker Mayo, Sr.<br>                  *Debtor* | Case No.23-20311(AMN)<br>Chapter 13<br><br>Re: ECF[1] Nos.: 33, 36, 38, 41, 42, 43, 46, 57, 60, 62, 68, 78, 107, 111, 141, 148, 162, 166, 167, 168, 169, 181, 182, 185, 187, 192, 197, 218, 231, 232, 233, 236, 238, 242, 243, 256, 261, 264, 265, 266, 267, 268, 269 |

# MEMORANDUM OF DECISION AND
# OMNIBUS ORDER RULING ON PENDING MOTIONS

    The purpose of a Chapter 13 bankruptcy case is, generally, to provide individual debtors an opportunity to reorganize their financial affairs.  Usually this is accomplished through a Chapter 13 Plan that repays some or all of a debtor's debts over three to five years.  This Chapter 13 bankruptcy was filed on April 27, 2023 ("Petition Date"), and dismissed in July of 2023, because "there [was] no bankruptcy purpose served by allowing the case to continue."  ECF No. 99.  The District Court reversed that dismissal in September 2024.  ECF No. 129, 131.

    Mr. Alfred Parker Mayo, Sr. ("Debtor") filed many motions seeking various types of orders from the bankruptcy court.  Sometimes it is difficult to know what the Debtor seeks, even after careful review of his filings and after discussion with Mr. Mayo during several hearings or status conferences.

---

[1] A citation to a document filed on the docket of the underlying case, Case Number 23-20311, is noted by "ECF No." referencing the document number on the court's electronic case filing docket for the case.  A citation to a document filed on the docket of any other proceeding is noted by the proceeding's case number followed by "Doc. No." referencing the document number on the docket of the indicated proceeding.

This Memorandum of Decision addresses several motions pending at the time of dismissal, as well as more recent motions by Mr. Mayo and by two other movants. Federal rules require every motion "state with particularity the grounds therefor, and . . . set forth the relief or order sought." Fed.R.Bankr.P. 9013. However, in many of the self-represented Debtor's motions Mr. Mayo does not adequately state with particularity the grounds for the relief he seeks. In some filings no relief is stated. Further, for several of the Debtor's motions, it does not appear that there is any relief the court may grant, based upon applicable law and the record available to the court. For these reasons, and the reasons which follow, the Court must deny the majority of the Debtor's pending motions.

## Summary of Order

Briefly, the court's decisions on the pending matters referenced in the caption above will be as described in the following table. The reasons for the court's rulings are set forth in this Memorandum of Decision, after the table.

| ECF No. | Relief Sought | Decision |
|---|---|---|
| 33, 162, 181, 182, 185, 187, 218, 256, 264, 265, 266, 267, 268, 269 | Various relief is sought in these motions, as described in detail in the Discussion section of this Memorandum of Decision. | Denied |
| 36, 62, 242; | Sanction for stay violation against Benjamin Perez and Evelyn Almedina (a/k/a Evelyn Perez) | Denied |
| 38, 41, 46, 166, 167, 168, 169, 231, 232, 233 | Relief against various parties pursuant to Bankruptcy Code §§ 362(c), 502(b), 506(a), and 522(f). | Denied |
| 141 | Remove Benjamin Perez and Evelyn Almedina (a/k/a Evelyn Perez) from list of creditors in this case. | Granted |

| | | |
|---|---|---|
| 148, 192, 261 | Sanction for stay violation against Eddie White Properties, LLC | Denied |
| 181, 187, 236 | Objection to LVNV Funding, LLC's Proof of Claim 1-1 | Sustained. Proof of Claim 1-1 is disallowed. |
| 197 | Sanction against Mr. Mayo by Eddie White Properties, LLC. | Denied |
| 238, 243 | Disallowance of Merrick Bank's Proof of Claim 2-1. | Overruled. |
| 42, 43, 57, 60, 68, 78, 107, 111 | Various docket entries identified by the Debtor in ECF No. 161, including certain non-motion filings, such as affidavits, or motions which have already been ruled upon by the court. | No action necessary. |

As discussed during several status conferences and hearings, the Court cautions the Debtor that if he files motions or objections that are frivolous -- because they are not supported by facts or law, or because they do not have a purpose in administering this Chapter 13 case -- the court may impose a monetary sanction against the Debtor.

## Procedural Background

The Debtor's primary goals in this bankruptcy appear to be: (1) Punishing certain perceived wrongs by various state court litigants, namely: Evelyn Perez, Benjamin Perez, Eddie White Properties, LLC ("EWP"), and Connecticut Superior Court Judge Shortall; and (2) Preventing the State of Connecticut Department of Administrative Services ("DAS") from asserting an alleged lien against the Debtor's residential real property. The Debtor filed numerous motions in pursuit of these goals. The following is a brief summary of the relevant procedural and factual background surrounding the Debtor's various motions.

Between March and June 2018, the Debtor was incarcerated after a guilty verdict was entered in Case No. H15N-CR15-0279194-S. Pursuant to Conn.Gen.Stat. 18-85b the State of Connecticut, through DAS, holds a lien for reimbursement against the Debtor, for the costs of his incarceration, for approximately $20,000. The Debtor believes this lien is secured by his home and he wishes to remove or avoid it. Notably, DAS has not filed a proof of claim in this case.[2]

In September 2020, the Debtor filed two state court lawsuits against his neighbor and purported creditor Eddie White Properties, LLC which were subsequently consolidated. Case Nos. HHD-CV20-5066142-S, HHD-CV20-5066143-S (collectively the "EWP Case"). Similarly, in August 2021, the Debtor filed a lawsuit against other neighbors and purported creditors Benjamin and Evelyn Perez (collectively, the "Perezs"). Case No. HHB-CV-21-5030102-S ("Perez Case").[3] Neither EWP nor the Perezs hold a claim for money against Mr. Mayo, and neither asserts it is a creditor of Mr. Mayo.[4]

This Chapter 13 case was dismissed soon after the Petition Date, on July 26, 2023. ECF No. 99 (Order of Bankruptcy Judge James J. Tancredi). The Debtor appealed the dismissal and it was reversed and remanded to the bankruptcy court on September 30, 2024. Neither the bankruptcy court nor the district court stayed the effectiveness of the dismissal order between July 2023, and September 2024, and there was no "automatic

---

[2] Only creditors with filed Proofs of Claim may be paid through a Chapter 13 Plan. Scheduled creditors with notice of the case are bound by a confirmed Chapter 13 Plan, whether they are paid or not.

[3] The State of Connecticut Judicial Branch has a free and simple-to-use website that includes the ability for any internet user to search for civil and criminal cases anywhere in the state, by party name. See https://www.jud.ct.gov/jud2.htm. A search of the Judicial Branch's website returns no other cases between the Debtor and the Perezs.

[4] EWP sought a sanction for vexatious or frivolous litigation against Mr. Mayo which is denied here for procedural reasons.

stay" pursuant to 11 U.S.C. § 362(a) in effect during that time period. ECF Nos. 111, 129, 131.

The Debtor claims both the Perezs and EWP somehow violated his automatic bankruptcy stay, and the court infers he seeks relief pursuant to 11 U.S.C. § 362(k). Mr. Mayo filed numerous motions asserting the Perezs have violated the automatic stay, due to their request that the state court enter an injunction against the Debtor, preventing him from continuing to communicate with them, after the state court ruled against the Debtor in the Perez Case. ECF Nos. 36, 60, 62, 68, 242; Perez Case Doc. Nos. 333.00, 333.01; see 11 U.S.C. § 362(k). The Debtor also filed at least three motions asserting EWP violated the stay by requesting transcripts and filing a notice of bankruptcy in the EWP Case, while the stay was in effect.[5] ECF Nos. 148, 192, 261; see 11 U.S.C. § 362(k). The Debtor also filed numerous other motions aimed at his various creditors, including motions pursuant to Bankruptcy Code §§ 362(c), 502(b), 506(a), and 522(f). ECF Nos. 38, 41, 46, 231, 232, 233, 238.

To streamline the court's administration of this case after the reversal of the dismissal, the court entered a Scheduling Order requiring the Debtor to identify any motions he believed remained outstanding, or which required further action by the court. ECF No. 156, 161. For some items identified as pending by the Debtor, the court already entered an order, and others require no action by the court because they are either not motions, are moot, or otherwise do not require or request any relief be granted. These items are summarized in the following table:

---

[5] Although the Debtor's motions do not describe specifically what EWP did to violate the automatic stay, EWP's responses indicate the conduct in question was ordering transcripts in the state court case and filing of a notice of bankruptcy with the state court after the Debtor failed to do so. When asked at a February 19, 2025, hearing the Debtor did not indicate there was any other conduct he believed violated the stay.

| ECF No. | No Action Needed | Already Ruled Upon |
|---|---|---|
| 33 |  | X |
| 38 | X |  |
| 41 | X |  |
| 42 |  | X |
| 43 |  | X |
| 57 | X |  |
| 60 |  | X |
| 68 |  | X |
| 78 | X |  |
| 107 |  | X |
| 111 | X |  |

### Discussion

#### A. Debtor's Stay Violation Motions

The court first turns to the Debtor's various motions asserting violations of the automatic stay. Notably, the Debtor has raised many of these issues before, and the court already denied him relief on several occasions. ECF Nos. 78, 80, 82. Despite this, the Debtor has again sought relief based upon the same conduct alleged in prior motions.

*The Automatic Stay Was Not In Effect During the Appeal*

The automatic stay provided in Bankruptcy Code § 362(a) terminates when the underlying case is closed or dismissed, or when a discharge is entered. 11 U.S.C. § 362(a), (c)(2). Despite the Debtor's successful appeal of the dismissal, the stay did not apply while this case was dismissed, because no order staying the dismissal pending appeal was entered. There is no "automatic stay" after a dismissal order even if that order is appealed. As a result, no actions taken between July 26, 2023, and September 30, 2024, could have violated the automatic stay or any other stay. Therefore, to the extent any of the Debtor's various stay violation motions allege misconduct during that period

they will be denied. This includes the claim that the motion filed by Perezs on December 21, 2023, seeking an injunction against Mr. Mayo (Motion for Injunction, Perez Case Doc. No. 333.00) violated the automatic stay in this case.

### *Defending A Lawsuit Brought by the Debtor Does Not Violate the Automatic Stay*

The Debtor is the plaintiff in the EWP Case and the Perez Case, and both suits were brought by the Debtor before the Petition Date. The law is clear that a defendant's continued defense of an action brought by a plaintiff Debtor does not violate the bankruptcy stay. Under Bankruptcy Code § 362(a), the filing of the petition operates as a stay, applicable to all entities, of actions taken against a debtor. However, the automatic stay does not apply to actions initiated by a debtor. 10 Collier on Bankruptcy ¶ 6009.04 (Whether a matter is "against the debtor" is generally determined by who initiated the original proceeding.) (citing, among others, *In re Financial News Network, Inc.*, 158 B.R. 570 (S.D.N.Y. 1993); *In re Drexel Burnham Lambert Group, Inc.*, 160 B.R. 508 (S.D.N.Y. 1993); *Koolik v. Markowitz*, 40 F.3d 567 (2d Cir. 1994)).

The purpose of the automatic stay under Bankruptcy Code § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has a chance to marshal and distribute assets. This does not apply to actions initiated by a debtor prepetition. "[A] debtor may not use the automatic stay as a sword when the debtor is the plaintiff in a pending non-bankruptcy suit." *Anchev v. 335 West 38th Street Cooperative Corp. (In re Anchev)*, Docket Nos. 99 B 45846(PCB), 03-8264A (PCB), 2009 Bankr. LEXIS 906, at *5-6 (Bankr. S.D.N.Y. Apr. 15, 2009) (quoting *In re Jandous Electric Construction Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989)); see also *Martin-Trigona v. Champion Federal Savings & Loan Asso.*, 892 F.2d 575, 577 (7th Cir. 1989) (concluding § 362 is not applicable to actions initiated by a debtor prepetition); *Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 336-38 (B.A.P. 9th Cir. 1994)

(reasoning there is a clear distinction between § 362(a)(8) using "concerning" and § (a)(1) and (a)(3) using "against" when referring to actions involving the debtor, and concluding the automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate).

### *Even if the Stay Applied, There has Been No Harm to the Debtor*

Even if the automatic stay applied to the actions taken in the Perez and EWP Cases, the actions identified by the Debtor have not resulted in any harm to the Debtor or the estate and are not the kind of conduct that § 362 is intended to prohibit.

Although the Debtor repeatedly asserted he has been harmed by an injunction entered against him in the Perez Case, there is no evidence this occurred. No copy of the alleged injunction has ever been provided to the court and the court has not been able to locate such an order. Although the Perezs filed a motion for injunctive relief, that motion was immediately denied – on the same day – for lack of jurisdiction and, as noted above, the stay was not in effect at that time anyway. Perez Case Doc. Nos. 333.00, 333.01.

In the EWP Case, the actions the Debtor alleges violated the stay are EWP's filing of a notice of bankruptcy and filing a request for transcripts from a hearing.[6] Neither of these are the kind of action the automatic stay is intended to prevent. Indeed, neither action required the Debtor's response nor sought a ruling from the state court. No other subsection of § 362(a) is applicable to these facts.

According to the dockets in the state court cases against EWP and the Perezs, the Debtor appears to have litigated his issues with them in the state court, to completion.

---

[6] The Debtor's various motions do not actually specify any conduct in particular as being violative of the automatic stay. Rather, a review of the EWP Case Docket and the related appeal reveals this is the only conduct which occurred during the relevant time period. At the February 19, 2025, hearing on Debtor's Motion for Contempt (ECF No. 192) the Debtor was asked what conduct in the EWP Case he believed violated the stay and he did not identify any other conduct.

Although the Debtor feels he has been personally wronged in various ways, this Chapter 13 case is not a tool for him to use to revisit his state court litigation.

### *Eddie White Properties, LLC Benjamin Perez, and Evelyn Perez Are Not Creditors*

The Bankruptcy Code defines a "creditor" as an "entity that has a claim against the debtor [or certain claims against the estate] that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. 101(10). In this case, neither the Perezs nor EWP are creditors because neither is making any claim against the Debtor or his bankruptcy estate.

The Debtor lost on his affirmative claims against Benjamin and Evelyn Perez. Perez Case Doc. No. 332.50, 336.00. Shortly before the verdict was entered in the Perezs' favor they withdrew their counterclaims against the Debtor. Perez Case Doc. No. 332.20, 332.30. The state court's final judgment did not result in any debt being owed by Mr. Mayo to the Perezs. Because the Perezs withdrew their counterclaims, there is no longer any pending action by them against Mr. Mayo. The Perezs are not "creditors" in this case.

Similarly, in the EWP Case, the Debtor was awarded $300 on his claims against EWP, and EWP lost on its counterclaims against Mr. Mayo. EWP Case Doc. No. 247.00. EWP is not a "creditor" of Mr. Mayo.

For these reasons, the Debtor's motion seeking a determination as to the Perezs' secured status (ECF No. 46) and the Debtor's objection to claim directed at Evelyn Perez, *et al*. (ECF No. 265) and Benjamin Perez, *et al*. (ECF No. 268) will be denied.[7] Further, the Perezs' motion to be removed as creditors (ECF No. 141) will be granted.

---

[7] Notably, ECF Nos. 265 and 268 are little more than a cover page, asserting no facts or arguments in support and may also be denied for non-compliance with Fed.R.Bankr.P. 9013.

### *Eddie White Properties, LLC's Cross Motion for Sanctions*

EWP filed a motion seeking sanctions against the Debtor for conduct allegedly in violation of Fed.R.Civ.P. 11.  ECF No. 197.  Because EWP did not comply with Rule 11(c)(2)'s "safe harbor" provision its motion will be denied.

### *Debtor's Motion to Have Clerk of Court Serve His Motion for Sanctions*

ECF Nos. 256 and 266 are motions seeking an order directing the Clerk of Court serve the Debtor's various motions for sanctions against the Perezs.  In these motions Mr. Mayo again asserts there is a protective order in place which prevents him from communicating with the Perezs.  However, no copy of such an order has been provided to the court, the Debtor has not identified where said order may be found, and the court has been unable to locate any such order on the docket of the Perez Case or elsewhere.  Accordingly, the court cannot verify there is any need for this relief in the first instance.  Even if there were a need, however, the Debtor did not provide any legal authority for such relief. ECF Nos. 256 and 266 could be denied for these reasons alone. However, because the court will deny the Debtor's various motions for sanctions against the Perezs, the relief sought is moot and so ECF Nos. 256 and 266 will be denied.

### *Debtor's Motion for Sanctions Against Judge Shortall*

Debtor seeks sanctions for an alleged violation of the automatic stay by Benjamin Perez and Connecticut Superior Court Judge Joseph M. Shortall.  ECF No. 269.  The Debtor again asserts a protective order has been entered against him, but the record does not include a protective order.  Further, the Debtor has not clearly articulated basic information which would support his motion such as when a protective order entered, what the protective order provides, or specifically how the protective order has harmed him.  The court has been presented no factual support for this motion that would enable it to grant relief to the Debtor.  ECF No. 269 therefore does not comply with Fed.R.Bankr.P.

9013 and may be denied for that reason. Further, it does not appear the Debtor has served the motion on Judge Shortall, based on the certificate of service attached to the motion.

In addition to the these reasons to deny the motion, a judge cannot be sanctioned for violating the automatic stay because he entered an order in a case pending before him. "[A]bsolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives" *Curry v. Castillo (in Re Castillo)*, 297 F.3d 940, 947 (9th Cir. 2002) (citing *Forrester v. White*, 484 U.S. 219, 227-28, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988)). "[S]tate bar judges, prosecutors, and probation officers are entitled to absolute quasi-judicial immunity under the Civil Rights Act for acts performed in their official capacities. *Albert-Sheridan v. State Bar (In re Albert-Sheridan)*, 658 B.R. 516, 546 (B.A.P. 9th Cir. 2024).

"Judicial immunity bars claims arising from a judge's case-management decisions and merits rulings—even if the plaintiff alleges that the judge's decisions were wrong, malicious, or corrupt. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Robinson v. Kotler*, Docket No. 24-555, 2025 U.S. App. LEXIS 4976, at *4 (2d Cir. Mar. 4, 2025) (*citing Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009)); see also *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (holding judicial immunity applies even when the judge is accused of acting maliciously and corruptly). Here, even if Judge Shortall took an action in violation of the stay, his act would not be in a clear absence of all jurisdiction since the state court litigation would be stayed but not dismissed. The state court judge would therefore still be immune from suit. *Agrawal v. Courts of Oklahoma*, 764 F. App'x 809, 811 (10th Cir.

2019). See also *Womack v. Mays (In re Womack)*, 253 B.R. 241, 242-43 (Bankr. E.D. Ark. 2000) (holding judicial immunity "holds true even where the action seeks damages for violation of the automatic stay"); *Coates v. Peachtree Apartments (In re Coates),* 108 B.R. 823, 825 (Bankr. M.D. Ga. 1989) (same); *Ekechi v. Hudson, et al.*, 2012 U.S. Dist. LEXIS 129832, 2012 WL4009578, *6 (M.D. Fla. Sept. 12, 2012) (count against county court judge for contempt for violation of automatic stay failed to state cause of action because judge afforded absolute judicial immunity for decisions rendered and actions taken in her official capacity).

At most, actions taken by a state court judge which have the effect of violating the automatic stay are void. Because the Debtor's allegations of stay violations against Judge Shortall are based on conduct within the jurisdiction of the courts in which he presides, Judge Shortall possesses absolute immunity from such suit. See *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Accordingly, ECF No. 269 may also be denied for this reason.

**B. Many of Debtor's Motions Do Not Comply With Rules of Pleading**

Federal Rule of Bankruptcy Procedure 9013 requires every motion to "state with particularity the grounds therefor, and [to] set forth the relief or order sought." Fed.R.Bankr.P. 9013. Bankruptcy Rule 9013 parallels Federal Rules of Civil Procedure 7 and 8, which both require pleadings contain a clear demand for relief and the grounds therefore. Fed.R.Civ.P. 7(b)(1)(B), 8(a)(2), (3).

Pursuant to Bankruptcy Rule 9014, certain Rules of Civil Procedure, including Fed. R. Civ. P. 8 generally do not apply to contested matters, as distinguished from adversary proceedings. Although the pleadings addressed in this Memorandum of Decision are contested matters, it is clear there is a common thread between Fed.R.Civ.P. 7 and 8,

and Fed.R.Bankr.P. 9013.  The Debtor must state a sufficiently clear basis upon which the court can interpret his motions, in order for the court to rule upon them.  In this case, the self-represented Debtor has filed dozens of motions nominally seeking various forms of relief from the court.  But, in almost all of the Debtor's motions, he does not articulate a comprehensible argument or demand for relief.

"The Second Circuit has repeatedly advised leniency and liberality in construing pleadings filed by *pro se* litigants."  *Young v. Choinski*, 15 F.Supp. 3d 194, 207 (D. Conn. 2014); see *Boykin v. Keycorp*, 521 F.3d 202, 214 (2d Cir. 2008) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully [pled], must be held to less stringent standards than formal pleadings drafted by lawyers") (internal citation omitted); see also *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) ("courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest") (internal citation omitted); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("[Self represented litigants] cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim.").

Even after a generous reading of Mr. Mayo's motions and documents, the court is unable to interpret many of them in a way that would entitle him to relief.  At times some of the Debtor's motions seem to assert the exact opposite of what the court would expect him to be seeking.  At other times, the court cannot infer what the Debtor's intended position is, because the arguments made are too disorganized to follow or because the allegations are incomprehensible.  Even under the most flexible and lenient interpretation possible, the court can only go so far.  For example, interpreting the Debtor's statements to mean the exact opposite of what he has in fact said is too far.  Similarly, if the Debtor

has not alleged the basic facts which would entitle him to relief or does not state what relief he seeks, the court cannot create something from nothing.

*The Motions Directed to the Connecticut Department of Administrative Services*

The Debtor's Motions to Determine Secured Status (ECF No. 185, 231) seek an order determining the State DAS is both secured and unsecured as to the entirety of their purported claim. Further, the Debtor requests the court find his home is only valued at approximately $20,000, the same amount as DAS's purported claim. At all other times the Debtor has maintained his home is worth closer to $180,000. (Compare ECF No. 17 and 231). Because the Debtor has requested inconsistent relief, based on facts which are unsupported by the record in this case, the court finds ECF Nos. 185 and 231 are not compliant with Fed.R.Bankr.P. 9013 and must be denied.

The Debtor's Motion to Avoid Judicial Lien under 11 U.S.C. § 522(f) (ECF No. 232)[8] asserts DAS holds a lien pursuant to Conn.Gen.Stat. § 18-85b, secured by the Debtor's home. However, any lien pursuant to Conn.Gen.Stat. § 18-85b would not be secured by the Debtor's home because § 18-85b only imposes a lien against certain causes of action and inheritances, not real property. Counsel for DAS appeared, at the court's request, during a hearing on February 6, 2025, and confirmed this. ECF No. 258. Any lien held by DAS does not impair the Debtor's homestead exemption and so relief under 11 U.S.C. § 522(f) is inapplicable to these facts. Notably, DAS has not filed a proof of claim in this case and asserts no right to payment under a Chapter 13 Plan. For these reasons the Debtor's § 522(f) motion, ECF No. 232, will be denied.

---

[8] See also ECF Nos. 166 and 182 seeking the same relief.

The Debtor's "Motion to Dischargeability of Governmental Liens" (ECF No. 233)[9] is also directed to the DAS statutory lien. However, this motion does not comply with Fed.R.Bankr.P. 9013 because it does not request any specific relief and does not articulate any basis by which relief might be granted. Accordingly, the court cannot provide any relief to the Debtor and ECF No. 233 must be denied.

The Debtor has also filed several motions pursuant to 11 U.S.C. § 506 (determination of secured status) which are directed towards the DAS statutory lien. ECF Nos. 168, 169. ECF No. 168 does not articulate a comprehensible basis upon which the court can grant relief and does not comply with Fed.R.Bankr.P. 9013. ECF No. 204. The Debtor's second motion, ECF No. 169, though nominally a motion under § 506 appears to in fact be an objection to DAS's claim, pursuant to 11 U.S.C. § 502(b)(9), because DAS did not file a proof of claim prior to the July 6, 2023, proof of claim deadline, or at any other time. ECF No. 2. To the extent that the motion seeks relief under § 506, as stated above, a lien pursuant to Conn.Gen.Stat. 18-85b does not attach to the Debtor's real property, and the Debtor has not identified any other property which might secure this lien. Accordingly, there is no basis for the court to grant relief under § 506. Similarly, as DAS has not filed a proof of claim in this case, the Debtor need not object under § 502(b). Accordingly, ECF No. 169 will be denied.

### *Motions to Extend the Automatic Stay*

The Debtor has filed several motions seeking to extend the automatic stay, pursuant to Bankruptcy Code § 362(c)(3)(B). ECF Nos. 36, 38, 41, 162. However, the Debtor has not filed one or more bankruptcy cases within the one-year period preceding

---

[9] See also ECF No. 218, which is virtually identical, and must be denied for the same reasons.

this case, and so neither Bankruptcy Code §§ 362(c)(3)(A) nor (4)(A) apply. Accordingly, because such relief is unnecessary, these motions may be denied.

*Debtor's Objection to Claim 1-1*

The Debtor's objection to claim of LVNV Funding, LLC[10] ("LVNV") (ECF Nos. 181, 187, 236) asserts:

1. The last payment activity on the account occurred in March 2007;[11]
2. LVNV's Proof of Claim (Claim 1) was timely filed on June 6, 2023;[12] and
3. "as of the date of the bankruptcy case reopen full payment reach with a settlement was initiated within outside the statutory period."

The Debtor then concludes, pursuant to 11 U.S.C. § 502(b)(1), LVNV's claim is unenforceable as it is time barred pursuant to Conn.Gen.Stat. § 52-576's six-year statute of limitations.[13]

Although there is no evidence of payment of the claim here, the claim is barred pursuant to Conn.Gen.Stat § 52-576, which limits enforcement of a debt of this type to six (6) years. LVNV's claim is time barred because it was last active more than six years before the Petition Date. The court will sustain the Debtor's objection, ECF Nos. 181, 187, 236, and LVNV's claim will be disallowed.

The court notes it is unclear if the Debtor properly served the objection to LVNV's claim because no certificate of service was filed. However, to address this, the court ordered LVNV to respond to the objection by March 3, 2025, and directed the Clerk of

---

[10] Filed as Proof of Claim 1-1 in the claim's register.

[11] Pursuant to Proof of Claim 1-1 the last payment date was March 2, 2001, and the debt appears to have been incurred on or before that date.

[12] Notably, Proof of Claim 1-1 was timely filed by LVNV on May 3, 2023. The Proof of Claim deadline was June 6, 2023.

[13] The Debtor incorrectly asserts the statute of limitations is three years.

Court to mail that order to LVNV.  ECF Nos. 246, 248.  Fed.R.Bankr.P. 3007(a)(1), (2).

No timely response to the objection was filed.

*Debtor's Objection to Claim 2-1*

The Debtor's objection to Proof of Claim 2-1 by Merrick Bank asserts:

1. Merrick Bank's claim is timely under the applicable statute of limitations, pursuant to Conn.Gen.Stat. § 52-576;
2. "The debt became due payment since March 2, 2023, of its las payment activity with a notation past due.";
3. "Full payment reach with a settlement on October 4, 2023."; and
4A. "No legal action was initiated within statutory period."  ECF No. 238
4B. "Since the accrual of the cause of action, was initiated within a statutory period." ECF Nos. 238, 243.[14]

The Debtor concludes Merrick Bank's claim is unenforceable pursuant to non-bankruptcy law, relying on 11 U.S.C. § 502(b).

The Debtor argues Merrick Bank's Claim was time barred in ECF No. 238 and not time barred in ECF No. 243.  The court's review of Proof of Claim 2-1 indicates it was timely filed in this case, and seeks allowance of a claim that would be enforceable because the statute of limitations provided by Conn.Gen.Stat. § 52-576 did not pass before the Petition Date.  It is unclear what basis the Debtor has to object.  To the extent the Debtor may be arguing the debt was paid in October 2023, no evidence of payment has been provided and, pursuant to Fed.R.Bankr.P. 3001(f), a "proof of claim signed and filed in accordance with these rules is *prima facie* evidence of the claim's validity and amount."  Thus, under § 502(a), a proof of claim or proof of interest that was properly filed pursuant to § 501(a) constitutes *prima facie* evidence of the validity and the amount of the claim.  11 U.S.C. §§ 501(a), 502(a).  The Debtor's job to successfully object to the

---

[14] ECF Nos. 238 and 243 are virtually identical with the only material change being the sentence noted in 4A and 4B.  It is not clear to the court if the Debtor intended ECF No. 243 to supersede ECF No. 238, if it is merely a duplicative filing, or if it is raised in the alternative. Regardless, the court's analysis applies to both objections.

claim is to bring forth evidence disputing the claim's enforceability. But here, the Debtor did not provide any evidence such as an affidavit including a copy of any purported settlement, check stubs, bank statements, or other information disputing the claim. Because there appears to be no basis upon which the court can sustain the objection at this time, the objections to Merrick Bank's Proof of Claim 2-1 must be overruled.

<u>*Debtor's Objection to Claim of Judge Joseph M. Shortall*</u>

The Debtor filed a Notice of Objection to Claim, identifying Connecticut Superior Court Judge Joseph M. Shortall, *et al.*, as the respondent(s). ECF No. 264. The objection is little more than a cover page and does not describe any claim or any basis upon which the Debtor is objecting to a claim. Further, there is no indication the objection was served on anyone, or that Judge Shortall holds any claim against the Debtor. It is unclear to the court what basis, if any, the Debtor has for filing such an objection. Accordingly, the court will overrule the objection as ECF No. 264 is not compliant with Fed.R.Bankr.P. 9013, or the contested matter procedures set forth in Local Bankrutcy Rule 9014-1.

Additionally, there is no indication Judge Shortall actually holds any claim against the Debtor. Accordingly, the court again cautions the Debtor that continued filing of papers with no factual or legal basis may result in sanctions, including monetary sanctions, being entered against the Debtor for violating Fed.R.Civ.P. 11 and Fed.R.Bankr.P. 9011.

**C. Vexatious Litigation**

Federal Rule of Civil Procedure 11, applicable to Bankruptcy via Fed.R.Bankr.P. 9011, provides: all papers submitted to the court must not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed.R.Civ.P. 11(b). In this case, the Debtor filed numerous motions aimed at the Perezs, repeatedly asserting the same alleged violation of the automatic stay. These

arguments have already been rejected by this court on at least three prior occasions. ECF Nos. 78, 80, 82.  The court once again rejects the Debtor's arguments now.

The court cautions the Debtor, if he continues to file motions that are not supported by facts or law, such as by continuing to seek sanctions against the Perezs, EWP, or Judge Shortall for the same alleged conduct for which the court has already denied relief, the court will consider imposing sanctions on the Debtor, including monetary sanctions, pursuant to Fed.R.Civ.P. 11(b), made applicable here through Fed.R.Bankr.P. 9011. Sanctions may include an award of attorney's fees and costs for any party needing to respond to a frivolous or vexatious paper, and/or an order to pay a penalty into the court. Monetary sanctions under Rules 11 and 9011, which are sufficient to deter repetition of the Debtor's misconduct, may amount to thousands or even tens of thousands of dollars, depending on the facts and circumstances.

### *No Bankruptcy Purpose*

In addition to the court's concern the Debtor's various motions are not being brought for a proper purpose, the court is concerned there is no bankruptcy purpose for this Chapter 13 case.  Presently there appears to be a single identifiable creditor – Merrick Bank holding Proof of Claim 2-1 for under $1,000 – to be treated in the Debtor's Chapter 13 Plan.  During the course of the case Mr. Mayo suggested there are municipal liens including blight liens and water liens against his property, but he has not proposed a Chapter 13 Plan to address them.  Mr. Mayo's most recently filed Chapter 13 Plan does not propose to reorganize his financial affairs by repaying some or all of his debts over three to five years.  ECF No. 235.  Instead, it proposes a $0 per month payment to no creditors for 60 months and is unconfirmable on its face.

In the absence of a confirmable Chapter 13 Plan, there is no purpose to this case. Notably, no payments have been made to the Chapter 13 Trustee.  11 U.S.C. § 1326(a);

ECF Nos. 150, 235, 240.  The bankruptcy court is not a forum for the Debtor to relitigate old grudges or to harass people he feels have wronged him.  It is a system by which he can reorganize and repay his debts, minimal as they are.  If the Debtor is not endeavoring to do so, the court can only infer his purpose in filing is improper.

All other arguments have been considered and found to be without merit.

Accordingly, for the reasons stated herein, it is hereby

**ORDERED**: ECF No. 141 is GRANTED. The Clerk of Court is directed to remove Benjamin Perez and Evelyn Almedina (a/k/a Evelyn Perez) from the list of creditors.  And, it is further

**ORDERED**: ECF Nos. 181, 187, and 236 are SUSTAINED.  LVNV's Proof of Claim 1-1 is disallowed. And, it is further

**ORDERED**: ECF Nos. 238 and 243 are OVERRULED; and it is further

**ORDERED**: ECF Nos. 33, 36, 38, 41, 46, 62, 148, 162, 166, 167, 168, 169, 182, 185, 192, 197, 218, 231, 232, 233, 242, 256, 261, 264, 265, 266, 267, 268, and 269 are DENIED; and it is further,

**ORDERED**: The following docket entries identified by the Debtor in ECF No. 161 require no action by the court: ECF Nos.: 42, 43, 57, 60, 68, 78, 107, and 111.

Dated this 31st day of March, 2025, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut